| | |
|---|---|
| **CYNTHIA WILSON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-1203** |
| **NEW ORLEANS PUBLIC FACILITY MANAGEMENT, INC. d/b/a NEW ORLEANS MORIAL CONVENTION CENTER, et al.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Before the Court is Plaintiff Cynthia Wilson's ("Plaintiff") "Motion to Remand and Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C.A. § 1447(c)."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion to the extent it seeks remand of this matter to the Civil District Court for the Parish of Orleans, State of Louisiana and deny the motion to the extent it requests attorney's fees and costs.

### I. Background

Plaintiff alleges that on April 6, 2016, she was working as an electronic technician employed by Production Support Services, Inc. ("PSS") at the New Orleans Convention Center.[2] Plaintiff alleges that she was standing below scaffolding when an employee of either New Orleans Public Facility Management, Inc., d/b/a New Orleans Morial Convention Center (the "Convention Center") or Staging Techniques, Inc. ("Staging Techniques") dropped a metal object from the top of the scaffolding onto Plaintiff's head, injuring Plaintiff.[3]

---

[1] Rec. Doc. 3.

[2] Rec. Doc. 1-3 at 2, 8.

[3] *Id.*

Plaintiff filed a Petition for Damages on February 9, 2017, in the Civil District Court for the Parish of Orleans, naming the Convention Center as a defendant.[4] On March 6, 2018, Plaintiff filed a First Supplemental and Amended Petition for Damages, adding Staging Techniques as a defendant.[5]

On April 5, 2017, Plaintiff's employer, PSS, and its workers' compensation insurance carrier, New York Marine and General Insurance Company ("New York Marine") (collectively, "Intervenors"), filed a Motion to Intervene seeking to recover amounts paid for the injuries Plaintiff allegedly sustained as a result of this incident.[6] The state court granted the Motion to Intervene on April 13, 2017.[7]

On February 6, 2018, Staging Techniques removed the case to this Court, alleging complete diversity of citizenship and an amount in controversy exceeding $75,000.[8] In the Notice of Removal, Staging Techniques pleads the citizenship of the parties as follows: (1) Plaintiff is a citizen of Louisiana; (2) Staging Techniques is a corporation organized under the laws of the State of Georgia with its principal place of business in New York; (3) PSS is a corporation organized under the laws of the State of Nevada with its principal place of business in New York; (4) New York Marine is a citizen of New York; and (5) the Convention Center is a citizen of Louisiana.[9] Staging Techniques acknowledges that PSS and New York Marine are properly aligned as

---

[4] *Id.* at 1.

[5] *Id.* at 7.

[6] *Id.* at 14–15.

[7] *Id.* at 16.

[8] Rec. Doc. 1.

[9] *Id.* at 6–7.

plaintiff-intervenors because they derive their rights in this lawsuit from payments made to Plaintiff and because their ultimate interests are on the same side as Plaintiff.[10]

Staging Techniques also acknowledges that the Convention Center is a non-diverse defendant, but it asserts that the Convention Center's citizenship should be disregarded for the purpose of establishing diversity jurisdiction because it was fraudulently joined as a defendant in this matter.[11] Although Plaintiff brings a negligence claim against the Convention Center, Staging Techniques asserts that the negligence allegations are premised on the underlying fault of the individual who caused the object to fall on Plaintiff's head.[12] Thus, Staging Techniques asserts that Plaintiff's sole cause of action against the Convention Center is its vicarious liability as an employer for the negligence of its employee.[13] Staging Techniques contends that the individual who dropped the metal object has been identified as Larry Blodgett ("Blodgett"), an independent contractor for Staging Techniques, and the Convention Center has acknowledged that it does not have any contractual relationship with Blodgett.[14] Therefore, Staging Techniques asserts that Plaintiff cannot establish a vicarious liability claim against the Convention Center because the

---

[10] *Id.* at 7 (citing *Chesapeake Louisiana, L.P. v. Buffco Prod., Inc.*, 564 F. App'x 751, 755 (5th Cir. 2014)). In a diversity action, either a lack of complete diversity arising from the presence of an intervenor in the suit or the presence of an amount in controversy that does not exceed $75,000 is sufficient to bar jurisdiction over an intervenor's claims that would otherwise be covered by supplemental jurisdiction. *See Griffin v. Lee*, 621 F.3d 380, 387 (5th Cir. 2010). Even where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must also satisfy the amount in controversy requirement. *Id.* In the notice of removal, Staging Techniques does not address whether the Intervenors' claims satisfy the amount in controversy requirement.

[11] *Id.*

[12] *Id.* at 9.

[13] *Id.*

[14] *Id.* at 11.

Convention Center did not have an employer-employee relationship with Blodgett.[15]

On March 7, 2018, Plaintiff filed the instant motion to remand.[16] On March 22, 2018, Staging Techniques filed an opposition to the motion to remand.[17] On May 16, 2018, with leave of Court, Plaintiff filed a reply brief in further support of the motion to remand.[18] On July 12, 2018, with leave of Court, Plaintiff filed a supplemental memorandum in support of the motion to remand.[19] On September 12, 2018, with leave of Court, Staging Techniques filed a supplemental opposition to the motion to remand.[20]

## II. Parties' Arguments

### A. Plaintiff's Arguments in Support of Motion to Remand

In the motion, Plaintiff asserts that this matter should be remanded for three reasons.[21] First, Plaintiff contends that it is facially apparent from the Notice of Removal that there is not complete diversity between the parties.[22] Second, Plaintiff contends that the removal was untimely.[23] Third,

---

[15] *Id.* at 12.

[16] Rec. Doc. 3.

[17] Rec. Doc. 15.

[18] Rec. Doc. 25. On May 18, 2018, the case was reassigned to this Court upon the confirmation of the Honorable Kurt D. Engelhardt to the United States Court of Appeals for the Fifth Circuit. Rec. Doc. 26.

[19] Rec. Doc. 39.

[20] Rec. Doc. 57. On March 22, 2018, Staging Techniques filed a Motion for Leave to File an Amended Notice of Removal. Rec. Doc. 14. On July 16, 2018, Staging Techniques filed a Motion for Leave to File an Amended Answer. Rec. Doc. 41. On July 18, 2018, Staging Techniques filed a Motion to Strike Inadmissible Evidence. Rec. Doc. 43. Because the Court finds that this matter must be remanded due to the presence of a non-diverse defendant, the Convention Center, it will not reach these other motions which are all directed at the citizenship of Staging Techniques.

[21] Rec. Doc. 3 at 1.

[22] *Id.*

[23] *Id.*

Plaintiff asserts that the Convention Center is a citizen of Louisiana, and Staging Techniques failed to meet their heavy burden of proving that the Convention Center is fraudulently joined as a defendant in this action.[24]

Addressing the first issue, Plaintiff contends that in the Notice of Removal, Staging Techniques has judicially confessed that its principal place of business is in New York.[25] Plaintiff also cites a filing Staging Techniques made with the Georgia Secretary of State, which lists the company's principal office address as Mount Vernon, New York.[26] Plaintiff notes that her employer, PPS, and its workers' compensation insurer, New York Marine, intervened in this action, and both companies are citizens of New York.[27] Therefore, Plaintiff asserts that there is not complete diversity between the parties because Staging Techniques is not diverse from Intervenors.[28]

Second, Plaintiff asserts that the removal was untimely.[29] Plaintiff notes that Staging Techniques removed this matter more than 30 days after receiving the initial pleadings.[30] Although Plaintiff acknowledges that a case that is not initially removable may be removed within 30 days of receiving other papers that unequivocally show that the amount in controversy requirement has

---

[24] *Id.*

[25] Rec. Doc. 3-1 at 4.

[26] *Id.* at 5 (citing Rec. Doc. 3-3 at 1).

[27] *Id.* at 4.

[28] *Id.*

[29] *Id.* at 13.

[30] *Id.* at 14.

been met, Plaintiff contends that this exception does not apply here.[31] According to Plaintiff, "all information [Staging Techniques] attempts to claim as 'other papers' to support amount in controversy existed and was available to [Staging Techniques] [] more than 30 days prior to issuing discovery and receiving responses."[32]

Third, Plaintiff argues that Staging Techniques failed to meet its "heavy burden" of proving that the Convention Center is fraudulently joined.[33] Plaintiff asserts that she has sued the Convention Center "for acts of negligence as the owner of the premises at issue who more than likely had employees on location at the time of the incident and may have had obligations of safety, awareness, precaution, and involvement relative the incident in question."[34] Specifically, Plaintiff alleges that the Convention Center was negligent in failing to keep a proper lookout, failing to possess the metal object at issue so as to keep it from dropping and striking Plaintiff's head, failing to exercise reasonable precaution so as to refrain from dropping the metal object from the top of the scaffolding, failing to avoid situations that would cause the dropping of a metal object from the top of scaffolding onto the heads of those at the base of the scaffolding, and other acts and omissions that were in contravention of the exercise of due care.[35]

Although Staging Techniques asserts that its employee is the individual that dropped the metal object on Plaintiff's head, Plaintiff contends that the Convention Center could possibly be apportioned fault for failing to take precautionary measures that would have prevented the incident

---

[31] *Id.*

[32] *Id.*

[33] *Id.* at 15.

[34] *Id.*

[35] *Id.* at 17–18.

6

from occurring.[36] Because discovery is in the early stages, Plaintiff argues that the extent of the Convention Center's obligations, duties, and responsibilities relative to the work being performed by anyone on the premises has yet to be determined.[37] Therefore, Plaintiff asserts that there is a possibility that the Convention Center could be found individually liable for the accident that took place on its property, and Staging Techniques has not met its heavy burden of proving fraudulent joinder.[38] Finally, Plaintiff contends that she should be awarded attorney's fees and costs for the improper removal of this action.[39]

**B.    *Staging Techniques' Arguments in Opposition to the Motion to Remand***

In opposition, Staging Techniques first asserts that it erroneously listed its principal place of business as New York in the Notice of Removal.[40] Staging Techniques notes that it has simultaneously filed a "Motion for Leave to Amend the Notice of Removal" to correct this error and correctly allege that its principal place of business is in Georgia.[41] Staging Techniques asserts that it is an independent corporate entity from Staging Associates Limited, its parent corporation, which is organized under the laws of New York and having its principal place of business in New York.[42] Staging Techniques cites an affidavit of Robert P. Jones, Chief Financial Officer and

---

[36] *Id.* at 18.

[37] *Id.* at 18.

[38] *Id.*

[39] *Id.* at 12–13.

[40] Rec. Doc. 15 at 2.

[41] *Id.*

[42] *Id.* at 4–5.

General Manager of Staging Techniques.[43] According to the affidavit, Staging Techniques has been incorporated in Georgia since 1983, files taxes in Georgia, keeps independent corporate records there, and has its principal office in Atlanta, Georgia.[44] Jones further attests that he makes most corporate decisions at the Georgia headquarters.[45] Based on Jones' sworn testimony, Staging Techniques asserts it is clear that its principal place of business is in Georgia.[46]

Staging Techniques notes that Plaintiff relies on a corporate filing with the Georgia Secretary of State, which lists its parent company's New York address as its "Principal Office Address."[47] However, Staging Techniques argues that this filing is not dispositive as the Supreme Court has rejected the argument that such a filing "would, without more, be sufficient proof to establish a corporation's 'nerve center.'"[48] Therefore, Staging Techniques asserts that this Court should find it is a citizen of Georgia for purposes of diversity jurisdiction.[49]

Second, Staging Techniques contends that the removal was timely.[50] Staging Techniques argues that Plaintiff "fails to account for her repeated refusals to respond truthfully and in good faith to Defendant's discovery requests, including her continued refusal to confirm her damages exceed $75,000 despite a statutory mandate to do so, or to confirm or even describe the nature and

---

[43] *Id.* at 6 (citing Rec. Doc. 15-1 at 14–15).

[44] *Id.* (citing Rec. Doc. 15-1 at 14).

[45] *Id.* (citing Rec. Doc. 15-1 at 14).

[46] *Id.* at 7.

[47] *Id.* at 8.

[48] *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

[49] *Id.* at 9.

[50] *Id.*

extent of her injuries or damages, all of which would have enabled Staging Techniques to establish the jurisdictional amount sooner."[51] Staging Techniques asserts that the case did not become removable until January 19, 2018, when it received Plaintiff's most recent discovery responses wherein she admitted that her medical expenses exceeded $18,000 and her lost wages claim exceeded $62,000.[52] Therefore, Staging Techniques argues that the February 6, 2018 removal was timely.[53]

Third, Staging Techniques asserts that it has definitively established that the Convention Center was improperly joined as a defendant in this matter.[54] Staging Techniques argues that the sole cause of action the petition raises against the Convention Center is its vicarious liability as an employer for the negligence of its employee.[55] Because the person who allegedly dropped a metal object on Plaintiff's head has been identified as Larry Blodgett, an independent contractor retained by Staging Techniques, it asserts that there is no possibility Plaintiff can prevail on the vicarious liability claim against the Convention Center.[56] Staging Techniques also asserts that in the motion to remand, Plaintiff improperly attempts to expand the allegations against the Convention Center by claiming it is sued for acts of negligence as the owner of the premises.[57]

Staging Techniques notes that Plaintiff raises a general negligence claim against the

---

[51] *Id.* at 11.

[52] *Id.* at 11–12.

[53] *Id.* at 13.

[54] *Id.*

[55] *Id.*

[56] *Id.* at 14.

[57] *Id.*

Convention Center, but Staging Techniques asserts that Plaintiff's allegations are all related to acts of the purported employee, not the Convention Center itself.[58] Because the petition does not make any allegations regarding the specific conduct of the Convention Center, Staging Techniques asserts that the petition is clearly devoid of any facts sufficient to establish a negligence claim against the Convention Center.[59] Therefore, Staging Techniques argues that the Convention Center was improperly joined because the Convention Center's liability depends entirely upon whether the individual who dropped the object was an employee of the Convention Center, and Staging Techniques has established that he was not.[60] For these reasons, Staging Techniques argues that the motion to remand should be denied.[61]

## C. *Plaintiff's Arguments in Further Support of Motion to Remand*

In the reply brief, Plaintiff asserts that Staging Techniques' admission that its principal place of business is in New York was intentional as it confirms admissions previously made in this litigation, specifically in the Answer wherein Staging Techniques admitted that its principal place of business is in New York.[62] Plaintiff argues that application of the total activities test yields a determination that Staging Techniques is a citizen of New York.[63] According to Plaintiff, decisions are being made by corporate officers in New York on behalf of Staging Techniques.[64] Furthermore,

---

[58] *Id.* at 16.

[59] *Id.* at 17.

[60] *Id.* at 18.

[61] *Id.* at 19.

[62] Rec. Doc. 25 at 1–3.

[63] *Id.* at 6.

[64] *Id.*

Plaintiff contends that the affidavit of Robert Jones is unreliable, self-serving, and is not corroborated by any other evidence.[65] Plaintiff points to internet "research," including a Google Map search of the address in New York and the address in Georgia, which show the same business sign attached to both buildings.[66] For these reasons, Plaintiff argues that Staging Techniques' principal place of business is in New York.[67]

Next, Plaintiff argues that the removal is untimely.[68] According to Plaintiff, Staging Techniques is asserting that the matter became removable on January 19, 2018, when it allegedly first received Plaintiff's discovery responses.[69] However, Plaintiff asserts that Staging Techniques received her medical bills and wage benefits on November 22, 2017, when Intervenors sent discovery responses to Staging Techniques.[70] Accordingly, Plaintiff contends that removal of the case on February 6, 2018, was untimely.[71]

Finally, Plaintiff avers that there is a possibility of recovery against the Convention Center as she makes specific allegations against the Convention Center for failing to keep a proper lookout and failing to avoid situations that would cause the dropping of a metal object.[72] Therefore, Plaintiff argues that the Convention Center is not fraudulently joined.[73]

---

[65] *Id.* at 7–8.

[66] *Id.* at 9 (citing Rec. Docs. 25-8; 25-9).

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.* (citing Rec. Doc. 25-11).

[71] *Id.* at 10.

[72] *Id.*

[73] *Id.* at 3.

### D. Plaintiff's Supplemental Arguments in Support of Motion to Remand

In the supplemental brief, Plaintiff asserts that review of the initial disclosures produced in this litigation further evidences that Staging Techniques is a citizen of New York.[74] Specifically, Plaintiff contends that Staging Techniques' corporate disclosure reports that its parent company is domiciled in New York.[75] Plaintiff avers that Staging Techniques is an alter-ego of its parent, Staging Associates, LTD, as they have the same principal office, identical CEOs, similar business functions and operations, and common employees.[76] As such, Plaintiff argues that Staging Techniques, shares the same citizenship as its parent company in New York.[77]

Second, Plaintiff notes that the Incident Report created by Staging Techniques relative to the subject accident at the Convention Center indicates that the incident was reported to an individual at the New York office, Pete Bothner-By.[78] Plaintiff asserts that the Incident Report evidences that Staging Techniques' work at the Convention Center was controlled and monitored in New York by New York employees.[79] Accordingly, Plaintiff argues that Staging Techniques should be found to be a citizen of New York.[80]

### E. Staging Techniques' Supplemental Arguments in Opposition to Motion to Remand

In the supplemental brief, Staging Techniques again asserts that it inadvertently listed its

---

[74] Rec. Doc. 39 at 1.

[75] *Id.* at 1–2.

[76] *Id.* at 3.

[77] *Id.*

[78] *Id.*

[79] *Id.*

[80] *Id.* at 4 (citing Rec. Doc. 33-2).

principal place of business as New York in the Answer and Notice of Removal.[81] Staging Techniques notes that it has moved to amend both pleadings, and produced the affidavit of Robert Jones, attesting to facts establishing that he directs, controls, and coordinates Staging Techniques' activities in Georgia.[82] Therefore, Staging Techniques asserts that it has met its burden of establishing the jurisdictional facts by a preponderance of the evidence.[83] Staging Techniques argues that Plaintiff has failed to produce any admissible evidence disputing these facts.[84]

Next, Staging Techniques contends that the removal was timely.[85] Staging Techniques asserts that Plaintiff's claim that the case became removable when Staging Techniques received the discovery responses from Intervenors is disingenuous because it disregards the "voluntary-involuntary" rule, whereby an action that is non-removable when commenced may become removable only by the voluntary act of the plaintiff, which Staging Techniques argues prevented it from removing the case based on Intervenors' discovery responses.[86] Consequently, Staging Techniques asserts that the case did not become removable until January 19, 2018, when it received Plaintiff's discovery responses.[87]

Staging Techniques argues that the evidence establishes that its nerve center is in

---

[81] Rec. Doc. 57 at 1.

[82] *Id.* at 2.

[83] *Id.*

[84] *Id.*

[85] *Id.* at 3.

[86] *Id.* (citing *Crockett v. RJ Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).

[87] *Id.* at 4.

Georgia.[88] Staging Techniques asserts that Plaintiff offered no admissible evidence contradicting the jurisdictional facts established by Staging Techniques.[89] Staging Techniques contends that the website and Google Maps images submitted by Plaintiff are inadmissible hearsay, and even if these documents were admissible, they do not show that Staging Techniques' officers direct, control, and coordinate its activities from New York.[90] Staging Techniques asserts that Plaintiff's conclusions regarding the Incident Report are also baseless as Pete Bothner-By was the witness who reported the accident, not the person the accident was reported to.[91] Furthermore, Staging Techniques notes that the Incident Report is silent as to whether Pete Bothner-By is an officer of Staging Techniques and has authority to direct, control, and coordinate its activities and actually did so from New York.[92] Finally, Staging Techniques notes that Plaintiff offers no evidence to support her assertion that Staging Techniques is an alter ego of the parent company.[93]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[94] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between

---

[88] *Id.*

[89] *Id.* at 6.

[90] *Id.* at 7.

[91] *Id.* at 8.

[92] *Id.*

[93] *Id.* at 9.

[94] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

citizens of different states."[95] The removing party bears the burden of demonstrating that federal jurisdiction exists.[96] Subject matter jurisdiction is fixed at the time of removal, and it cannot be eliminated by events that occur after removal.[97]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition, that federal courts are courts of limited jurisdiction and that "removal statute[s] should be strictly construed in favor of remand."[98] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[99] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In this case, complete diversity of citizenship is lacking on the face of the state court petition because Plaintiff and the Convention Center are citizens of Louisiana. Despite the presence of a non-diverse defendant in this lawsuit, Staging Techniques argues that this Court has diversity jurisdiction over this matter because Plaintiff has improperly joined the non-diverse defendants in order to defeat diversity jurisdiction. Therefore, before reaching the other issues raised in the motion to remand, the Court will address whether the Convention Center was improperly joined.

---

[95] 28 U.S.C. § 1332(a)(1).

[96] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[97] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[98] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[99] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[100] The party asserting improper joinder "bears a heavy burden of proving that joinder of the in-state party was improper."[101] The Fifth Circuit has long recognized two methods of fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, and (2) the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court.[102] In this case, Staging Techniques alleges that the Convention Center is improperly joined because Plaintiff cannot plead a cause of action against the Convention Center.

In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit stated that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[103] District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways.[104] First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[105] Second, in rare cases,

---

[100] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).

[101] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

[102] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (internal citations omitted). The Fifth Circuit also refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases. *See, e.g., Crockett*, 436 F.3d 532. In this Order, the Court will use both terms.

[103] *Smallwood*, 385 F.3d at 573.

[104] *Id.*

[105] *Id.*

if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[106]

If a court decides to "pierce the pleadings" when assessing a claim of fraudulent joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor.[107] However, a court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[108] In other words, where courts choose to pierce the pleadings, the party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.[109] The Fifth Circuit has stated that district courts should look at summary judgment-type evidence at this stage of the proceedings only in those cases, "hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[110] Even in such cases, the district court's decision to pierce the pleadings and conduct a summary inquiry is within its discretion.[111]

---

[106] *Id.*

[107] *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).

[108] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

[109] *Travis*, 326 F.3d at 650.

[110] *Smallwood*, 385 F.3d at 573.

[111] *Id.*

## IV. Analysis

In the Notice of Removal, Staging Techniques asserts that the Convention Center was improperly joined as a defendant in this matter because Plaintiff's sole cause of action against the Convention Center is its vicarious liability as an employer for the negligence of its employee.[112] Although Plaintiff brings a negligence claim against the Convention Center, Staging Techniques asserts that the negligence allegations are premised on the underlying fault of the individual who caused the object to fall on Plaintiff's head, who has been identified as Larry Blodgett, an independent contractor for Staging Techniques.[113] In the motion to remand, Plaintiff asserts that the Convention Center could possibly be apportioned fault for failing to take precautionary measures that would have prevented the incident from occurring even though the individual who dropped the metal object was not employed by the Convention Center.[114]

Article 2315 of the Louisiana Civil Code establishes a general cause of action for negligence: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[115] In determining whether to impose liability under Article 2315, Louisiana courts employ a duty-risk analysis, whereby a plaintiff must establish the following five elements: "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the

---

[112] Rec. Doc. 1 at 9.

[113] *Id.* at 9–11.

[114] Rec. Doc. 3-1 at 18.

[115] La. Civ. Code art. 2315.

cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)."[116] "[C]ause-in-fact is found when defendant's conduct was a substantial factor in the injury; it need not be the sole cause."[117] "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability."[118]

The principle of vicarious liability or respondeat superior is codified at Louisiana Civil Code article 2320. Article 2320 provides that an employer is liable for the tortious acts of its employees "in the exercise of the functions in which they are employed."[119] The Louisiana Supreme Court has recognized that even if an employment relationship exists, "the employer will not be liable for the substandard conduct of the employee unless the latter can be fairly said to be within the course and scope of the employment with the former."[120]

In the petition, Plaintiff alleges that the Convention Center, "through its own employees and/or through another contractor hired by [the Convention Center], is responsible for dropping the coupling or metal object onto Plaintiff's head."[121] Plaintiff alleges that the Convention Center acted negligently and proximately caused the accident that resulted in Plaintiff's injuries by: (1) "failing to keep a proper lookout"; (2) "failing to possess the metal object at issue under control so as to keep it from dropping and striking Plaintiff's head"; (3) "failing to exercise reasonable

---

[116] *Audler v. CDC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (internal citations omitted).

[117] *Manuel v. Shell Oil Co.*, 94-590 (La. App. 5 Cir. 10/18/95); 664 So. 2d 470, 475 (internal citations omitted) (applying the substantial factor causation standard for benzene exposure).

[118] *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La. 1994).

[119] La. Civ. Code art. 2320.

[120] *Brasseaux v. Town of Mamou*, 99-1584 (La. 1/19/00); 752 So. 2d 815, 820 (internal citations omitted).

[121] Rec. Doc. 1-1 at 2.

precaution so as to refrain from dropping a metal object from the top of a scaffolding"; (4) "failing to avoid situations that would cause the dropping of a metal object from the top of scaffolding onto the heads of those at the base of the scaffolding"; and (5) "such other acts and omissions as will be shown at trial, all of which were in contravention of the exercise of due care."[122]

Staging Techniques, the removing defendant, bears the heavy burden of proving that joinder of the Convention Center was improper.[123] Staging Techniques argues that there is no possibility Plaintiff could recover against the Convention Center because Staging Techniques has admitted that the individual who dropped the metal object was working for Staging Techniques, and the individual had no contractual relationship with the Convention Center. However, Plaintiff's claim against the Convention Center is not based solely on a theory that an employee of the Convention Center dropped the metal object on Plaintiff's head. Plaintiff also alleges that the Convention Center, through its employees, was negligent by failing to keep a proper lookout and failing to avoid situations that would cause the dropping of a metal object. Staging Techniques presents evidence showing that the Convention Center did not employ the individual who dropped the metal object on Plaintiff's head and did not have a contractual relationship with that individual. However, it does not present any evidence negating the possibility that a Convention Center employee could also be held liable for failing to keep a proper lookout or failing to avoid situations that would cause the dropping of the metal object.

As noted by Plaintiff, discovery was in the early stages when this matter was removed, and the Convention Center's obligations, duties, and responsibilities relative to the work being

---

[122] *Id.* at 3, 9.

[123] *Smallwood*, 385 F.3d at 574.

20

performed by anyone on the premises have yet to be determined. On a motion to remand based on improper joinder, the Court cannot assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[124] Furthermore, all "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[125] Considering that it is not clear that Plaintiff will be unable to prevail on the claims against the Convention Center, the non-diverse defendant, the Court finds that this matter must be remanded to state court.[126] Because the Court finds remand appropriate on this basis, it need not reach the other issues raised in the motion to remand.

Finally, Plaintiff asserts that attorneys' fees should be assessed against Staging Techniques. When a district court remands a case, the court has the discretion to award attorneys' fees incurred as a result of removal to the non-removing party, but the court should decline to do so if the removing party had an "objectively reasonable basis for removal."[127] Here, although Staging Techniques has not prevailed on this motion, its arguments are not completely meritless. Therefore, Staging Techniques had an "objectively reasonable basis" for seeking removal. Accordingly, the Court denies Plaintiff's request for attorneys' fees.

## V. Conclusion

Considering that it is not clear that Plaintiff will be unable to prevail on her claims against the Convention Center, the Court lacks subject matter jurisdiction over this case and must remand

---

[124] *Guillory*, 434 F.3d at 308–09.

[125] *Acuna*, 200 F.3d at 339.

[126] *In re 1994 Exxon Fire Chem. Fire*, 558 F.3d at 392–94.

[127] *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268, 270 (5th Cir. 2014).

it to the state court from which it was removed. However, the Court finds that Staging Techniques asserted an objectively reasonable basis for removal; therefore, Plaintiff's request for attorneys' fees is denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand and Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C.A. § 1447(c)"[128] is **GRANTED IN PART** to the extent it seeks remand and this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that the Motion to Remand and Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C.A. § 1447(c)"[129] is **DENIED IN PART** to the extent Plaintiff's Request for Attorneys' Fees is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __26th__ day of October, 2018.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[128] Rec. Doc. 3.

[129] *Id.*